People v Holley (2026 NY Slip Op 00989)

People v Holley

2026 NY Slip Op 00989

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Ind No. 71116/24|Appeal No. 5901|Case No. 2024-06239|

[*1]The People of the State of New York, Respondent,
vZion Holley, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Seth Steed, J.), rendered October 2, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a jail term of six months and five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring defendant to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant validly waived his right to appeal, as Supreme Court's colloquy regarding the waiver tracked the model colloquy that has been endorsed by the Court of Appeals (see People v Thomas, 34 NY3d 545, 559, 567 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). In addition, defendant acknowledged that he spoke with counsel and reviewed the written waiver before signing it (see People v Rosario, 242 AD3d 527, 527 [1st Dept 2025]; see also People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's Second Amendment claim is not properly before us because he has not served the Attorney General with notice of his constitutional challenge in accordance with Executive Law § 71 (see People v Castillo, 234 AD3d 557, 558 [1st Dept 2025], lv denied 43 NY3d 1006 [2025]). As an alternative holding, we find that defendant's challenge to the "good moral character" licensing requirement under Penal Law § 400.00(1)(b) is unpreserved for our review, as he did not raise it before the motion court in support of his broader challenge to his conviction under New York State Rifle & Pistol Association v Bruen (597 US 1 [2022]) (see People v Martinez, 238 AD3d 423, 424 [1st Dept 2025]; People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review it in the interest of justice. In any event, we reject the challenge on the merits (see People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]). We also reject defendant's contention that he received ineffective assistance of counsel as a result of his failure to notify the Attorney General under Executive Law § 71, as his challenge to the "good moral character" licensing requirement was unavailing and counsel cannot be ineffective for failing to raise an argument that had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]).
Defendant's challenges to two of his probation conditions as unrelated to his rehabilitation do not require preservation and survive his waiver of the right to appeal (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Upon our review of those challenges, we find that the court providently imposed the condition of probation requiring defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" as "reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so," given that he was found in possession of loaded pistol and admitted to the Probation Department that he used marijuana on a daily basis and was a gang member (Penal Law §§ 65.10[1], [2]; see e.g. People v Rivera, 242 AD3d 421, 422 [1st Dept 2025]; People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). Defendant's constitutional challenges to this condition are unpreserved (see People v Rivera, 242 AD3d 421, 422 [1st Dept 2025]; People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice.
However, we strike the condition requiring defendant to pay the surcharge and fees imposed at sentencing as a condition of his probation, as that condition is not reasonably related to defendant's rehabilitation or necessary to ensure that he will lead a law-abiding life (see e.g. People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026